Dear Mr. Hebert:
This office is in receipt of your request for an opinion of the Attorney General in regard to reimbursement of medical expenses incurred by an elected member of the Allen Parish Police Jury. Your opinion request states that following Hurricane Rita, most of the parish roads in Allen Parish were impassable due to fallen trees and that all available police jury crews were dispatched to clear the roadways. Mr. Mathew Roland Hollins, the President of the Allen Parish Police Jury, joined one of the crews and was working to remove damaged trees when he fell and severely injured both feet. Mr. Hollins did have medical insurance, but the insurance did not fully compensate him for the total medical expenses associated with the injury. Mr. Hollins receives no pay other than his customary salary as an elected juror. Specifically, you ask is it legally permissible, given the nature of the emergency, for the Police Jury to reimburse Mr. Hollins and/or pay any portion of the medical bills incurred by him because of the injury he incurred while working to clear a public roadway.
Article 7, Section 14(A) of the Louisiana Constitution prohibits the state or any political subdivision of the state from loaning, pledging, or donating funds, property, or things of value of the state or any political subdivision thereof to or for any person. The Louisiana Supreme Court ruled that Article 7, Section 14(A) is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. La.Municipal Risk Agency, 439 So.2d 399 (La. 1983). We previously opined that, "obligation", as referred to by the court, means that the particular expenditure of public funds is in the discharge of a legal duty. Atty. Gen. Ops. 99-307 and 98-432. The issue then becomes whether or not the Allen Parish Police Jury *Page 2 
is obligated to pay and/or reimburse medical expenses of a Police Juror who is injured while volunteering his time in the clearing of roads after Hurricane Rita. It is clear from your opinion request that Mr. Hollins' employment agreement with the parish did not include payment and/or reimbursement of medical expenses not otherwise paid by applicable medical insurance coverage.
Our office has consistently opined that the payment of a bonus or any other gratuitous, unearned payment to public employees is prohibited by Article 7, Sec. 14(A). Atty. Gen. Ops. 99-307 and 95-323.
Our office has also opined that while Article 7, Sec. 14(A) of the constitution prohibits the gratuitous donation of public funds, it does not prohibit the lawfully authorized payment of compensation for labor and service provided in the course of one's employment. Atty. Gen. Ops. 94-336, 99-258 and 99-52. Certainly, a public employee is entitled to be paid for all labor or services provided in his or her course of employment, as well as all related benefits, including annual leave, sick leave, and retirement. However, there must be some legal obligation owed by the Police Jury and some uniformity with the same type of benefits accorded other employees. Atty Gen. Op. No. 90-358.
Based upon the facts presented in the opinion request, the Police Jury has no legal obligation to pay and/or reimburse medical expenses incurred by a police juror for injuries sustained while volunteering his time to clear roads. Mr. Hollins is an elected member of the Police Jury, not an employee of the Police Jury. Mr. Hollins' salary as police juror did not include payment of medical expenses not otherwise covered by applicable insurance coverage.
Please note that this opinion is not an indication of our disapproval of the Parish's interest in assisting those who gave of their time to help others during the post Hurricane Rita cleanup. On the contrary, this office is very cognizant of the sacrifices made in helping others during this time and is sympathetic to the financial loss and injury sustained by Mr. Hollins. However, due to the constraints set forth in Art. VII, Sec. 14 of the Constitution, it is the opinion of our office that the Allen Parish Police Jury may not reimburse and/or pay medical expenses of an elected member of the Police Jury that were incurred when the juror injured himself while volunteering his time in the clearing of roads after Hurricane Rita; such a payment would be tantamount to a donation of public funds which is expressly prohibited by the Constitution. *Page 3 
If you have any comments or questions, please contact our office. With kindest regards,
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ______________________
 RICHARD L. McGIMSEY
 Assistant Attorney General